```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION

ADAN RIVERA, ET AL.,

        Plaintiffs,
v.                                 Case No. 8:11-cv-1676-T-33EAJ

AVIS BUDGET CAR RENTAL, LLC,
ET AL.,

        Defendants.
_____/
```

**ORDER**

This matter comes before the Court pursuant to Defendants' Motion to Dismiss (Doc. # 7), filed on August 26, 2011. Defendants Avis Budget Car Rental, LLC and Avis Budget Group, Inc. (collectively "Avis") seek dismissal of Plaintiffs' Amended Complaint. (Doc. # 4). Plaintiffs filed a response to the Motion coupled with a Motion for Leave to File Amended Complaint on October 4, 2011. (Doc. # 11). Plaintiffs asserted that they had information to refute the allegations in the Motion to Dismiss and sought, among other things, an additional thirty days to file an amended complaint to allow time for the Equal Employment Opportunity Commission (EEOC) to respond to a Freedom of Information Act (FOIA) request. The Court granted that motion in part, giving Plaintiffs until November 4, 2011, to renew their motion to file an amended complaint. (Doc. # 13).

Plaintiffs filed their renewed Motion for Leave to File Amended Complaint on November 4, 2011 (Doc. #14), stating that the EEOC would issue a determination on the FOIA request on or before November 30, 2011. Plaintiffs attached their proposed Second Amended Complaint as an Exhibit to the Motion (Doc. # 14-1). Avis filed a response to the Motion (Doc. # 15) on November 11, 2011.

Because Plaintiffs seek to file a Second Amended Complaint addressing the issues raised in Avis's Motion to Dismiss, the Court denies the Motion to Dismiss as moot. The Court grants Plaintiffs' Motion for Leave to File Amended Complaint in part and denies it in part.

## I. Background

Plaintiffs Adan Rivera and Leoncio Cano filed suit against Avis in state court on July 18, 2011. (Doc. # 2). Rivera and Cano allege that Avis violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, the Civil Rights Act of 1994, 42 U.S.C. § 1981a, and the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.01. (Id. at ¶ 1). Rivera and Cano also asserted a claim for intentional infliction of emotional distress. (Id. at ¶¶ 21-22). They allege that Avis engaged in "a continuing series of discrimination against them, and those similarly situated,

because of their race and age and because of their having complained about such unlawful discrimination and participation in formal proceedings to protest such unlawful discrimination." (Id. at ¶ 4). Avis removed the case to this Court on July 28, 2011 (Doc. # 1).

Rivera and Cano filed an Amended Complaint on August 8, 2011 (Doc. # 4), adding Adel Jiminez, Efren Benitez, Joseph Valdalez, Leonardo Barreto, Reinaldo Lugo, Mario Mora, Mario Urribarri and Milagros Hernandez Rodriguez to this action. Plaintiffs also added a claim for violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*, on behalf of Jiminez, Mora and Urribarri. (Id. at ¶¶ 224-28).

In its Motion to Dismiss, Avis argued that most of Plaintiffs' discrimination claims must be dismissed because Plaintiffs failed to exhaust administrative remedies as required under Title VII and the FCRA. (Doc. # 7 at 2). Avis asserted that the remaining discrimination and retaliation claims must be dismissed because "union status" is not a protected category under Title VII or the FCRA, and because Plaintiffs had not alleged facts sufficient to sustain a claim for discrimination on the basis of national origin or age. (Id. at 12-14). Avis argued that Plaintiffs had failed to state a cause of action for FMLA interference or retaliation.

-3-

(Id.). Finally, Avis argued that Plaintiffs' allegations did not meet the standard necessary to sustain a claim for intentional infliction of emotional distress. (Id.).

Plaintiffs' proposed Second Amended Complaint (Doc. # 14-1) asserts six counts: employment discrimination in violation of Title VII (Count I), employment discrimination in violation of the FCRA (Count II), retaliation (Count III), hostile work environment (Count IV), wrongful termination (Count V) and FMLA violations as to Jimenez, Mora and Urribarri (Count VI). Avis filed a response to Plaintiffs' Motion for Leave to File Amended Complaint (Doc. # 15), reasserting many of the arguments set forth in its Motion to Dismiss.

## II. Legal Standard

"The grant or denial of an opportunity to amend is within the discretion of the district court." Foman v. Davis, 371 U.S. 178, 182 (1962). However, "[a] district court's discretion to dismiss a complaint without leave to amend is severely restricted . . . . Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (internal quotations and citations omitted). While leave to amend is

"freely given" under Federal Rule of Civil Procedure 15, the Foman decision enumerates the following factors that a district judge may use to deny leave to amend: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. 371 U.S. at 182. The Eleventh Circuit has found that amendment is futile when the amended complaint is still subject to dismissal as a matter of law. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004).

Plaintiffs' request to amend is timely and it is their first request to amend, the first Amended Complaint having been filed as a matter of course.[1] See Bryant, 252 F.3d at 1164 (finding that a prior amendment filed as of right should not be counted as a prior opportunity to amend with leave of court). Avis asserts that the Motion for Leave to File Amended Complaint should be denied because amendment is futile. (Doc. # 15 at 2).

---

[1] Plaintiffs filed a Motion for Leave to File Amended Complaint on October 5, 2011 (Doc. # 12), coupled with a response to Avis's Motion to Dismiss. However, it did not include a proposed amended complaint and operated, in effect, as a motion for extension of time. The Court treated it as such, granting the extension of time and otherwise denying it without prejudice (Doc. # 13).

### III. Analysis

Avis asserts that Plaintiffs have still failed to allege exhaustion of administrative remedies as required by Title VII and the FCRA. (Id. at 3). Furthermore, Avis argues that any remaining employment discrimination claims must be dismissed because "union status" is not a protected category under Title VII or the FCRA, and because Plaintiffs still have not alleged facts sufficient to sustain a claim for discrimination on the basis of national origin or age. (Id. at 14). Avis asserts that the retaliation claim fails for similar reasons. (Id. at 16).

Avis contends that the hostile work environment claim fails to allege a statutory violation or other cognizable cause of action; even if it were asserted pursuant to Title VII or the FCRA, it would fail for the same reasons as the other claims. (Id. at 17). Finally, Avis argues that Florida does not recognize a cause of action for wrongful termination, and that Jiminez, Mora and Urribarri fail to state a claim for FMLA violations. (Id. at 17-18).

### A. Exhaustion of Administrative Remedies

Counts I and II of the proposed Second Amended Complaint allege employment discrimination under Title VII and the FCRA. Avis argues that these claims fail because Plaintiffs have not

-6-

alleged that they have exhausted their administrative remedies and in fact have failed to do so. (Id. at 3). Avis also asserts that at least some claims are time-barred because the Plaintiff failed to bring suit within 90 days of receipt of a right-to-sue letter from the EEOC. (Id.). Avis further argues that some Plaintiffs failed to plead that their charges were filed with the Florida Commission on Human Relations (FCHR), precluding their FCRA claims.

"Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge." Forehand v. Fla. State Hosp. at Chattahoochee, 89 F.3d 1562, 1567 (11th Cir. 1996). The administrative charge must be filed within 300 days of the alleged discrimination. 42 U.S.C. § 2000e-5(e)(1). Furthermore, a plaintiff must bring a Title VII action with 90 days of receipt of a right-to-sue letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1).

Similarly, a plaintiff must timely file a charge of discrimination with the FCHR prior to filing suit alleging violations of the FCRA. Gillis v. Sports Authority, Inc., 123 F. Supp. 2d 611, 615 (S.D. Fla. 2000). Such a charge must be

-7-

filed within 365 days of the alleged violation. Fla. Stat. § 760.11(1). A complaint may be filed with the EEOC in lieu of filing with the FCHR. Id.

Avis asserts that several Plaintiffs did not plead the precise dates of their EEOC charges, or whether or when they received right-to-sue letters. Therefore, there is no way to tell whether such charges or the claims related to them are timely. In addition, Avis contends that several Plaintiffs did not allege that their charges were filed with the FCHR. The Court finds that any such deficiencies in the pleadings may be remedied by amendment.

Avis does point out specific claims that appear to be time-barred. However, Plaintiffs' proposed Second Amended Complaint involves a complex series of charges filed with the EEOC over the course of almost two years. At this stage of the proceedings, and given the pending FOIA request with the EEOC, the Court declines to find amendment futile on the basis that Plaintiffs failed to allege exhaustion of administrative remedies.

**B.  Failure to Adequately Plead Employment Discrimination**

Avis further asserts that insofar as Plaintiffs properly exhausted their administrative remedies, Counts I and II of

-8-

the proposed Second Amended Complaint fail to adequately plead a cause of action. (Doc. # 15 at 13). "Throughout the Second Amended Complaint, Plaintiffs allege that Avis discriminated against them because of their 'union status.' However, union status is not a protected category under Title VII or the FCRA." (Id. at 13-14). Furthermore, Avis argues that Plaintiffs have not pled facts sufficient to sustain claims for national origin or age discrimination or retaliation. (Id. at 14).

A plaintiff may rely on direct or circumstantial evidence to show employment discrimination. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 526 (1993). In order to state a claim for discrimination under Title VII or the FCRA based upon circumstantial evidence, a plaintiff must show that he or she (1) is a member of a protected class; (2) was qualified for the job; (3) suffered an adverse employment action; and (4) and was treated less favorably than similarly situated employees outside his or her protected class. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

The Court recognizes that Plaintiffs have alleged scant facts suggesting discrimination on the basis of national origin or age. Plaintiffs make bare allegations that Hispanic employees and employees over the age of 40 were disciplined

-9-

more harshly than non-Hispanic and younger employees. Nonetheless, the Court declines to find that amendment would be futile -- that Plaintiffs cannot possibly, as a matter of law, state a claim for violations of Title VII and the FCRA. The Court therefore grants the Motion for Leave to Amend as to Counts I and II.

### C. Retaliation

Count III of the proposed Second Amended Complaint asserts a claim for retaliation. Plaintiffs allege that they engaged in protected activity by filing union grievances regarding their unequal treatment and harassment, and that they were subjected to adverse employment actions as a result of that protected activity. Avis argues that Plaintiffs have failed to allege a statute or cognizable cause of action with regard to this claim. (Doc. # 15 at 6). However, any such deficiencies may be addressed through amendment. The Court finds that amendment would not be futile with respect to this claim and grants the Motion for Leave to Amend as to Count III.

### D. Hostile Work Environment

Count IV of the proposed Second Amended Complaint alleges a hostile work environment because Plaintiffs were harassed by their supervisors due to their national origin, age and status

as union members. Avis argues that this claim fails because Plaintiffs failed to allege a statutory violation or other cognizable cause of action. (Id. at 17). Even if Plaintiffs were attempting to assert this claim under Title VII or the FCRA, Avis asserts that it would fail for the same reasons as the other Title VII and FCRA claims, and because Plaintiffs failed to allege hostile work environment in their Charges of Discrimination and thus did not meet administrative requirements. (Id.).

For the reasons discussed above with regard to Counts I through III, the Court finds that amendment would not be futile with respect to this claim. The Court therefore grants the Motion for Leave to Amend as to Count IV.

### E.   Wrongful Termination

Count V of the proposed Second Amended Complaint, for "wrongful termination," alleges that Jiminez, Lugo, Cano, Barreto, Rivera, Urribarri and Benitez were terminated for filing grievances with their union because they believed Avis violated their collective bargaining agreement and engaged in unfair and illegal behavior. Avis contends that this claim must fail because Florida does not recognize a cause of action for wrongful termination. (Id. at 17).

-11-

"Florida law stands squarely against recognizing a common law prima facie tort claim based on retaliatory discharge." Zombori v. Digital Equip. Corp., 878 F. Supp. 207, 208 (N.D. Fla. 1995). This is so because Florida is an "at-will" state:

> In the absence of a specific statute granting a property interest, a contract of employment (implied or express) which is indefinite as to term of employment is terminable at the will of either party without cause and an action for wrongful discharge will not lie. . . . There is no cause of action based in common law tort for wrongful dismissal such as negligence, malice, or retaliation.

Id. (quoting Kelly v. Gill, 544 So.2d 1162, 1164 (Fla. 5th DCA 1989)); see also Weld v. Se. Cos., Inc., 10 F. Supp. 2d 1318, 1322 (M.D. Fla. 1998) (finding that the concepts of at-will employment and protection from retaliatory discharge are mutually exclusive).

Plaintiffs do not allege the existence of an employment contract for a definite term. Thus, the Court finds that they cannot sustain a claim for wrongful termination under Florida law. The Court finds amendment to be futile with respect to this claim and therefore denies the Motion for Leave to Amend as to Count V.

**F.   Violation of the FMLA**

Count VI of the proposed Second Amended Complaint alleges FMLA violations as to Jimenez, Mora and Urribarri. Avis argues

that each of these Plaintiffs has failed to state a cause of action for FMLA interference or retaliation. (Doc. # 15 at 18).

The FMLA provides that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1). Leave "may be taken intermittently or on a reduced leave schedule when medically necessary." 29 U.S.C. § 2612(b)(1).

A plaintiff may assert two types of claims under the FMLA: interference and retaliation. Strickland v. Water Works & Sewer Bd., 239 F.3d 1199, 1206 (11th Cir. 2001). In an interference claim, an employee must show that he was entitled to FMLA benefits that were denied or that the employer interfered with the exercise of FMLA rights by, for example, discouraging the employee from taking leave. Lowery v. Strength, 356 Fed. Appx. 332, 333-34 (11th Cir. 2009). In a retaliation claim, "an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act." Strickland, 239 F.3d at 1206 (citing 29 U.S.C. § 2615(a)(1)&(2); 29 C.F.R. § 825.220(c)).

Plaintiffs allege that Avis has "failed to provide Plaintiffs with their leaves and benefits under the FMLA." (Doc. # 14-1 at ¶ 307). Furthermore, "otherwise eligible employees suffering from chronic health conditions have been and are being improperly suspended or terminated from employment." (Id. at ¶ 310). However, the factual allegations of the proposed Second Amended Complaint do not support this assertion.

Jiminez took FMLA leave after an automobile accident, and returned to work subject to medical restrictions that Avis failed to accommodate. (Id. at ¶¶ 79-82). Jiminez was told that his FMLA leave was exhausted but he might be eligible for an additional 90 days leave. (Id. at ¶ 83). Jiminez requested the additional leave but received no answer and was advised that Avis did not want him to come back to work if he had physical restrictions. (Id. at ¶¶ 85, 88). However, "[t]here is nothing in the language of the FMLA that compels employers to provide broad based workplace accommodations to employees with serious medical conditions. The only type of accommodation it provides is medical leave." Henry v. Fulton County Bd. of Educ., 2006 WL 2927533, at * 4 (N.D. Ga. Oct. 10, 2006).

Mora alleges that he was wrongfully terminated for having been on medical leave for more than 120 days. (Doc. # 14-1 at ¶ 242). He was later reinstated but soon laid off because he had less seniority. (Id. at ¶ 241). Although he makes reference to the FMLA, he makes no allegations with respect to FMLA violations. Urribarri alleges that he was terminated while on medical leave. (Id. at ¶ 256). However, Urribarri does not allege that he was terminated for taking leave but rather "because he is Hispanic, over the age of 40, and a union member." (Id. at ¶ 257).

The Court finds that Plaintiffs have failed to allege facts sufficient to support a claim for FMLA interference or retaliation. Moreover, these allegations do not differ materially from those in the Amended Complaint. Because exhaustion of administrative remedies is not required for an FMLA claim, the Court does not see how the pending FOIA request with the EEOC would have any bearing. Nonetheless, the Court hesitates to find amendment futile at this stage of the proceedings. The Court therefore grants the Motion for Leave to Amend as to Count VI.

## IV. Conclusion

Avis points to a number of deficiencies that would doom the proposed Second Amended Complaint to a motion to dismiss.

However, the Court agrees that Plaintiffs should be given the chance to obtain the documents necessary to support their claims. The Court presumes that the FOIA request with the EEOC has been resolved by this date. The Court therefore directs Plaintiffs to file a second amended complaint as to Counts I through IV and Count VI on or before January 11, 2012.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Defendants' Motion to Dismiss (Doc. # 7) is **DENIED AS MOOT** with leave to refile if necessary.

(2) Plaintiffs' Motion for Leave to File Amended Complaint (Doc. # 14) is **GRANTED IN PART and DENIED IN PART**. Plaintiffs may file a second amended complaint as to Counts I-IV and Count VI on or before January 11, 2012.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of December, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record