UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADAN RIVERA, ET AL.,

    Plaintiffs,
v.                                  Case No. 8:11-cv-1676-T-33EAJ

AVIS BUDGET CAR RENTAL, LLC,
ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. # 25), filed on January 27, 2012. Plaintiffs filed a Response in opposition (Doc. # 27) on February 29, 2012. On March 2, 2012, Defendants Avis Budget Car Rental, LLC and Avis Budget Group, Inc. ("Avis") moved to strike Plaintiffs' Response as untimely and in disregard of this Court's Order. (Doc. # 29).

The Court held a hearing on both motions on April 24, 2012, orally denying Avis' Motion to Strike and granting Avis' Motion to Dismiss. (Doc. # 33). The Second Amended Complaint was dismissed without prejudice as to Plaintiffs Adel Jimenez and Leonardo Barreto, with leave to file a third and final amended complaint within seven days. The Court subsequently extended that deadline 30 days, until June 1, 2012. The Second Amended Complaint was dismissed with prejudice as to all other

Plaintiffs. This Order sets forth the Court's reasoning as to its April 24, 2012, decision.

I. **Background**

Plaintiffs Adan Rivera and Leoncio Cano filed suit in state court on July 18, 2011 (Doc. # 2), alleging that Avis violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, the Civil Rights Act of 1994, 42 U.S.C. § 1981a, and the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.01. (Id. at ¶ 1). They allege that Avis engaged in "a continuing series of discrimination against them, and those similarly situated, because of their race and age and because of their having complained about such unlawful discrimination and participation in formal proceedings to protest such unlawful discrimination." (Id. at ¶ 4). Avis removed the case to this Court on July 28, 2011 (Doc. # 1).

Rivera and Cano filed an Amended Complaint on August 8, 2011 (Doc. # 4), adding Jimenez, Barreto, Efren Benitez, Joseph Valdalez, Reinaldo Lugo, Mario Mora, Mario Urribarri and Milagros Hernandez Rodriguez to this action. Plaintiffs also added a claim for violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*, on behalf of Jimenez, Mora and Urribarri. (Id. at ¶¶ 224-28). Avis filed a Motion to Dismiss (Doc. # 7) on August 26, 2011, arguing that

most of Plaintiffs' discrimination claims must be dismissed for failure to exhaust administrative remedies as required under Title VII and the FCRA. (Id. at 2). Avis asserted that the remaining discrimination and retaliation claims must be dismissed Plaintiffs had not alleged facts sufficient to sustain a claim for discrimination on the basis of national origin or age. (Id. at 12-14). Avis further argued that Plaintiffs had failed to state a cause of action for FMLA interference or retaliation. (Id.).

Plaintiffs responded to the motion to dismiss by seeking to file a Second Amended Complaint (Doc. # 14-1) asserting six counts: employment discrimination in violation of Title VII (Count I), employment discrimination in violation of the FCRA (Count II), retaliation (Count III), hostile work environment (Count IV), wrongful termination (Count V) and FMLA violations as to Jimenez, Mora and Urribarri (Count VI). Avis filed a response to Plaintiffs' Motion for Leave to File Amended Complaint (Doc. # 15), reasserting many of the arguments set forth in its Motion to Dismiss.

On December 29, 2011, this Court entered an order denying the motion to dismiss as moot, with leave to re-file, and granting leave to file a second amended complaint as to Counts I-IV and VI. (Doc. # 19). The Court found that Count V, for

wrongful termination, was not a viable claim in Florida. The Court noted serious questions as to the surviving claims, but declined to find amendment to be futile. Plaintiffs filed their Second Amended Complaint (Doc. # 22) on January 11, 2012.

In its Motion to Dismiss the Second Amended Complaint (Doc. # 25), Avis argues, among other things, that Plaintiffs failed to allege, in anything more than a conclusory manner, that they have exhausted their administrative remedies as required by Title VII and the FCRA. Avis asserts that certain Plaintiffs failed to timely bring claims with the EEOC and/or the Florida Commission on Human Relations (FCHR), and certain Plaintiffs failed to bring suit within 90 days of receipt of a right-to-sue letter from the EEOC.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990).

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). A plausible claim for relief must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The Court notes that the Motion to Dismiss has not been converted into a motion for summary judgment because the Court has not considered matters outside the pleadings. "Rule 7(a) defines 'pleadings' to include both the complaint and the answer, and Rule 10(c) provides that '[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.'" Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (quoting Fed. R. Civ. P. 7(a) and 10(c)). Thus, the Court may consider the various Exhibits to the

Second Amended Complaint without converting the Motion to Dismiss into one for summary judgment.

**III. <u>Analysis</u>**

"Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge." <u>Forehand v. Fla. State Hosp. at Chattahoochee</u>, 89 F.3d 1562, 1567 (11th Cir. 1996). The administrative charge must be filed within 300 days of the alleged discrimination. 42 U.S.C. § 2000e-5(e)(1).

Similarly, a plaintiff must timely file a charge of discrimination with the FCHR prior to filing suit alleging violations of the FCRA. <u>Gillis v. Sports Authority, Inc.</u>, 123 F. Supp. 2d 611, 615 (S.D. Fla. 2000). Such a charge must be filed within 365 days of the alleged violation. Fla. Stat. § 760.11(1). A complaint may be filed with the EEOC in lieu of filing with the FCHR. <u>Id.</u>

Based upon the exhibits attached to the Second Amended Complaint, the Court finds that Rivera, Cano and Lugo failed to timely file EEOC claims. Rivera and Cano were terminated on August 28, 2008, but they did not file EEOC claims until 2010. Lugo was terminated on April 3, 2009, but he did not file an

EEOC claim until April 2010. Plaintiffs do not deny that these claims were untimely. However, Plaintiffs assert that these claims survive under various theories, including "continuing violation," "hostile work environment" and the "single-filing rule."

**A.    <u>Continuing Violation</u>**

The "continuing violation" theory allows a plaintiff to recover for an employer's violations that occurred more than 300 days prior to filing an EEOC charge. If there was a continuing violation, all wrongful conduct that occurred prior to the charge is actionable "so long as the complaint is timely as to the last occurrence." <u>King v. Auto, Truck, Indus. Parts & Supply Co.</u>, 21 F. Supp. 2d 1370, 1377 (N.D. Fla. 1998) (internal quotations and citations omitted).

Here, however, the "last occurrence" was each Plaintiff's termination, and their charges were not timely filed within 300 days of termination. "Once an employee leaves the company, he must comply with the charge-filing period, and the continuing violation doctrine will no longer save a late claim." <u>Hipp v. Liberty Nat'l Life Ins. Co.</u>, 252 F.3d 1208, 1223 n.12 (11th Cir. 2001). "If former employees were allowed to assert charges after [the deadline], the purpose of the statute of limitations would be undermined." <u>Id.</u> (internal

quotations and citations omitted). Furthermore, the Hipp court held that plaintiffs with late-filed claims cannot piggyback on another plaintiff's continuing violation. Id. at 1222. The Court therefore finds that the claims of Rivera, Cano and Lugo cannot survive based upon the continuing violation theory.

**B.     Hostile Work Environment**

The hostile work environment rule is, in essence, a simplification and restatement of the continuing violation rule. "A charge alleging a hostile work environment claim will not be time barred if all acts constituting the claim are part of the same unlawful practice and at least one act falls within the time period." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002).

Again, the acts constituting the claims ended with termination of employment, and Rivera, Cano and Lugo filed their charges more than 300 days after their termination. Thus, no discriminatory act falls within the filing period.

**C.     Single-Filing Rule**

Courts have allowed plaintiffs who have not filed an EEOC charge to rely upon another plaintiff's charge, provided two requirements are met: (1) the charge being relied upon must be timely and not otherwise defective; and (2) the individual claims of the filing and non-filing plaintiffs must have

arisen out of similar discriminatory treatment in the same time frame. Jackson v. Seaboard Coast Line R.R., 678 F.2d 992, 1011-12 (11th Cir. 1982). Although the similar treatment requirement is not particularly stringent, the "time frame" begins 300 days prior to the representative charge and ends on the date of the representative charge. Hipp, 252 F.3d at 1213.

Only one charge appears to meet the test as to Rivera and Cano: Benitez's August 27, 2008, charge. This charge appears to be "otherwise defective," however, because Benitez did not file suit within 90 days of receiving a right-to-sue letter, as discussed below. Similarly, only one charge appears to meet the test as to Lugo: Valdelez's May 12, 2009, charge. Again, this charge appears to be "otherwise defective" because Valdelez did not file suit within 90 days of receiving a right-to-sue letter. The Court therefore finds that the claims of Rivera, Cano and Lugo cannot survive based upon the single-filing rule, and are due to be dismissed.

**D. 90-Day Requirement**

In addition to timely filing an EEOC claim, a plaintiff must bring a Title VII action with 90 days of receipt of a right-to-sue letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1). Based upon the exhibits attached to the Second Amended Complaint, Benitez, Valdalez, Mora, Urribarri and

Rodriguez did not file suit within 90 days of receipt of their right-to-sue letters. Benitez, Valdalez, Mora and Urribarri argue, however, that the 90-day requirement should be equitably tolled due to advice they received from the EEOC. Rodriguez does not assert equitable tolling and her claim is due to be dismissed.

"Under equitable tolling, Title VII's statute of limitations period does not start to run until a plaintiff knew or reasonably should have known that she was discriminated against." Carter v. West Publ'g Co., 225 F.3d 1258, 1265 (11th Cir. 2000). "A plaintiff who asserts the applicability of equitable tolling bears the burden of proving that it is appropriate." Id.

Benitez, Valdalez, Mora and Urribarri claim that they received advice from the EEOC prompting them to file a second set of charges. Nonetheless, each of these Plaintiffs received a right-to-sue notice stating that suit must be filed within 90 days of receipt. There is simply no indication that Plaintiffs were unaware of their rights - only that the EEOC asked them to file additional claims. See McClinton v. Ala. By-Products Corp., 743 F.2d 1483, 1486-87 (11th Cir. 1984) (rejecting equitable tolling where a plaintiff was generally aware of his legal right to obtain redress from employment

discrimination). The Court therefore finds that equitable tolling does not apply, and the claims of Benitez, Valdalez, Mora and Urribarri are due to be dismissed as well.

**E.  FMLA Violations**

Count V of the Second Amended Complaint alleges FMLA violations as to Jimenez, Mora and Urribarri. Because exhaustion of administrative remedies is not a prerequisite to an FMLA claim, the Court will address this claim separately as to Mora and Urribarri.

The FMLA provides that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1). Leave "may be taken intermittently or on a reduced leave schedule when medically necessary." 29 U.S.C. § 2612(b)(1).

A plaintiff may assert two types of claims under the FMLA: interference and retaliation. Strickland v. Water Works & Sewer Bd., 239 F.3d 1199, 1206 (11th Cir. 2001). In an interference claim, an employee must show that he was entitled to FMLA benefits that were denied or that the employer interfered with the exercise of FMLA rights by, for example, discouraging the employee from taking leave. Lowery v.

Strength, 356 F. App'x 332, 333-34 (11th Cir. 2009). In a retaliation claim, "an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act." Strickland, 239 F.3d at 1206 (citing 29 U.S.C. § 2615(a)(1)&(2); 29 C.F.R. § 825.220(c)).

Plaintiffs allege that Avis has "failed to provide Plaintiffs with their leaves and benefits under the FMLA." (Doc. # 22 at ¶ 304). Furthermore, "otherwise eligible employees suffering from chronic health conditions have been and are being improperly suspended or terminated from employment." (Id. at ¶ 307). However, the factual allegations of the proposed Second Amended Complaint do not support this assertion.

Mora alleges that he was wrongfully terminated for having been on medical leave for more than 120 days. (Id. at ¶ 224). He was later reinstated but soon laid off because he had less seniority. (Id. at ¶ 231). Mora's allegations in the Second Amended Complaint make no reference whatsoever to the FMLA. Urribarri alleges that he was terminated while on medical leave. (Id. at ¶ 242). However, Urribarri does not allege that he was terminated for taking FMLA leave but rather "because he is Hispanic, over the age of 40, and a union member." (Id. at ¶ 244).

The Court finds that More and Urribarri have failed to allege even the barest facts supporting a claim for FMLA interference or retaliation. Moreover, the allegations in the Second Amended Complaint do not differ materially from those in the Amended Complaint. The Court therefore dismisses Mora and Urribarri's FMLA claims.

### F. Jimenez and Barreto's Claims

Jimenez and Barreto appear to have exhausted their administrative remedies and filed suit within the statute of limitations. However, the Court finds that they have failed to allege facts sufficient to sustain any cause of action. The Court addressed each claim in its January 29, 2012, Order (Doc. # 19). The Court will briefly discuss them here.

#### 1. Title VII (Count I) and FCRA (Count II)

In order to state a cause of action for national origin and/or age discrimination, a plaintiff must plead and establish that he or she: (1) belongs to a protected class; (2) was qualified for the job; (3) was subjected to an adverse employment action; and (4) similarly situated employees outside the protected class were treated more favorably. See Maynard v. Bd. of Regents, 342 F.3d 1281, 1289 (11th Cir. 2003). While Jimenez and Barreto offer extensive details of their treatment, they offer no facts related to any

-13-

comparators who were treated more favorably. The Court therefore dismisses Counts I and II as to Jimenez and Barreto without prejudice.

### 2. Retaliation (Count III)

"In order to prove retaliation under Title VII, a plaintiff must show that (1) she engaged in statutorily protected activity, (2) an adverse employment action occurred, and (3) the adverse action was causally related to the plaintiff's protected activities." Gregory v. Ga. Dept. of Human Resources, 355 F.3d 1277, 1279 (11th Cir. 2004). Plaintiffs state generally that they engaged in protected activity such as filing grievances and complaining to management. However, the Second Amended Complaint does not suggest a causal link between protected activities (if any) and adverse employment actions. In their response to the motion to dismiss, Plaintiffs merely state in a conclusory fashion that they have established such a causal link. "While the pleading burden with respect to a causal link is minimal in the Eleventh Circuit, Plaintiff must provide the [employer] with at least some notice of a causal link." Ayubo v. City of Edgewater, No. 6:08-cv-1197-Orl-31GJK, 2009 WL 113381, at *3 (M.D. Fla. Jan. 16, 2009). The Court therefore dismisses Counts III as to Jimenez and Barreto without prejudice.

### 3. Hostile Work Environment (Count IV)

"When the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated." Morgan, 536 U.S. at 116 (internal quotations and citations omitted). "In evaluating hostile environment claims, courts are to determine whether an environment is sufficiently hostile or abusive by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Hipp, 252 F.3d at 245 n.80 (internal quotations and citations omitted).

Jimenez's claims are based upon alleged VMLA violations, discussed below. Barreto states that he was terminated on false charges of theft. They allege no facts suggesting an environment sufficiently severe or pervasive to alter the conditions of their employment. The Court therefore finds the Jimenez and Barreto have failed to allege facts sufficient to sustain their hostile work environment claim, and dismisses Count IV without prejudice.

### 4. **FMLA Violations (Count V)**

Jimenez asserts a claim for FMLA violations. He alleges that he exhausted his FMLA leave after an automobile accident, and returned to work subject to medical restrictions. However, he was advised that Avis did not want him to come back to work if he had physical restrictions.

"There is nothing in the language of the FMLA that compels employers to provide broad based workplace accommodations to employees with serious medical conditions. The only type of accommodation it provides is medical leave." Henry v. Fulton County Bd. of Educ., 2006 WL 2927533, at * 4 (N.D. Ga. Oct. 10, 2006). The Court therefore dismisses Count V as to Jimenez without prejudice.

## IV. **Conclusion**

The claims of Rivera, Cano and Lugo are dismissed with prejudice for failure to timely file claims with the EEOC and/or FCRA. The claims of Benitez, Valdalez, Mora, Urribarri and Rodriguez are dismissed with prejudice for failure to file suit within 90 days of receipt of a right-to-sue letter from the EEOC. Mora and Urribarri's FMLA claims are dismissed with prejudice for failure to allege facts sufficient to support a claim for FMLA interference or retaliation after having multiple opportunities to amend this claim.

The Court, in an abundance of caution, dismisses the claims of Jimenez and Barreto without prejudice. These Plaintiffs may file a third amended complaint on or before June 1, 2012, failing which their claims will be dismissed with prejudice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. # 25) is **GRANTED.** The claims of Plaintiffs Rivera, Cano, Lugo, Benitez, Valdalez, Mora, Urribarri and Rodriguez are dismissed with prejudice. The claims of Plaintiffs Jimenez and Barreto are dismissed without prejudice. Jimenez and Barreto may file a third amended complaint on or before June 1, 2012.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of May, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies: All Counsel of Record